[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the court is an appeal from a decision of the Tax Board of Assessment Review of the City of Woonsocket. Plaintiffs, appearing pro se, claim that they should not have been required to pay interest on third quarter taxes in 1991. Jurisdiction in this court is at issue.
On January 7, 1991, the Woonsocket City Council passed Resolution 91 R 4 pertaining to taxpayers with accounts temporarily suspended at RISDIC insured financial institutions. Resolution 91 R 4 extended the due date on third quarter municipal taxes from January 15 to February 20. Section 1 provides:
 That the Tax Collector is hereby authorized to forgive any interest due the City of Woonsocket by way of late payment of the third quarter installment of municipal taxes provided that the taxpayer can provide suitable evidence that the taxpayer's funds were on deposit in one of the aforementioned financial institutions, and that the taxpayers (sic) was unable to access the funds prior to January 15, 1991 and that the quarterly payment is made on or before February 20, 1991.
On February 18, the council passed Resolution 91 R 18 which extended the due date of the third quarter taxes to March 20, 1991. This resolution was subject to the same restrictions as 91 R 4.
Plaintiffs, owners of various properties in Woonsocket, delayed paying their third and fourth quarter municipal taxes until March of 1991. Evidently, their tenants wrote rent checks in January of 1991 on Marquette Credit Union accounts which could not be cashed because of the suspension of operation at Marquette. Plaintiffs thus believed that they could avail themselves of Resolution 91 R 4 and 91 R 18. When they finally paid their overdue municipal taxes in March though, they were assessed interest charges of $516.14.
The City Treasurer, in a letter dated August 27, 1991, informed plaintiff Mellucci that the city could not accept his tax installments without interest because Resolutions 91 R 4 and 91 R 18 applied only to individuals with funds tied up in a RISDIC institution. According to the City Treasurer, since Mellucci did not personally have funds tied up in such an institution, the Resolution did not apply to him.
Plaintiff Mellucci appealed the decision to the Tax Board of Assessment Review of Woonsocket. In an August 13, 1991 letter, the City Assessor denied the appeal because the Board, "may only hear appeals concerning assessed valuations of property." Since Mellucci's appeal sought reimbursement for an interest penalty, the Assessor did not believe the Board had jurisdiction.
Mellucci filed the complaint in this court on September 26, 1991 seeking relief pursuant to G.L. 1956 (1985 Reenactment) § 44-24-6. The defendant, City of Woonsocket, claims that the complaint was not filed timely and that the Superior Court is without jurisdiction to decide this case anyway. Even if plaintiffs could clear the jurisdictional hurdles, the defendant argues that the City Treasurer was correct in finding that Resolutions 91 R 4 and 91 R 18 do not apply to plaintiffs. This court agrees with all three arguments of defendant. Therefore, plaintiffs' petition in Superior Court for Relief from Assessment is denied.
Jurisdiction
Plaintiffs filed this complaint pursuant to G.L. 1956 (1985 Reenactment) § 44-5-26. That section provides relief to a party aggrieved by an assessment of taxes against him or her. The case before this court deals with whether a penalty for late payment of taxes should be upheld. Plaintiff does not argue with the assessment of the taxes in the first place. Therefore, § 44-5-26
is not applicable.
The case of Maggiacomo v. DiVincenzo, 410 A.2d 1332 (R.I. 1980), contains language that broadens the scope of § 44-5-26
beyond the mere assessment of taxes but it falls short of bringing late payment penalties into the fold. In Maggiacomo,
the taxpayer challenged the legitimacy of the manner in which the Tax Assessor set the tax rate. Maggiacomo, 410 A.2d at 1333. The court would not limit the word "assessment" to the valuation placed on property by an Assessor. Id. Instead, the court held that, "the term "assessment" refers to the entire plan or statutory scheme for the imposition and collection of taxes, including the calculation of the rate." Id. at 1334. This court finds that a late payment penalty falls outside the statutory scheme for the imposition and collection of taxes. Therefore, §44-5-26 does not apply to this controversy.
Even if § 44-5-26 did apply here, plaintiffs did not file their appeal in this court within the thirty days required by that statute. G.L. 1956 (1985 Reenactment) § 44-5-26(a). The City Assessor, on behalf of the Tax Board of Assessment Review, denied the appeal of the plaintiffs on August 13, 1991. The plaintiffs filed the complaint in this court on September 26, 1991. Forty-four days elapsed between the decision of the Board and the complaint in Superior Court. The appeal was thus not timely filed.
The Substantive Issue
Resolution 91 R 4 allows the Tax Collector to forgive a late payment penalty if the, "taxpayer can provide suitable evidence that the taxpayer's funds were on deposit," in a RISDIC insured institution. The Tax Collector found, correctly, that the funds of the plaintiffs were not on deposit in a RISDIC insured credit union. The funds of certain tenants of the plaintiffs may have been on deposit at Marquette Credit Union, but the ordinance does not apply to creditors of those with funds on deposit in a RISDIC insured credit union. Therefore, the ordinance does not apply to the plaintiffs here.
For the reasons set out above, this court denies the plaintiffs' appeal. Counsel shall submit the appropriate judgment for entry.